UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHELBY OWNBEY AND JOYCE OWNBEY,<br><br>   *Plaintiffs*,<br><br> v.<br><br>AKER KVAERNER PHARMACEUTICALS INC., et al.,<br><br>   *Defendants*.<br><br>AKER KVAERNER PHARMACEUTICALS INC.,<br><br>   *Third Party Plaintiff*,<br><br> v.<br><br>ADVANTAGE BUILDINGS & EXTERIOR, INC., MID-CONTINENT CASUALTY CO., ZURICH AMERICAN INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA.,<br><br>   *Third Party Defendants*. | Civil No: 07-2190 (KSH)<br><br>**OPINION AND ORDER** |

**Katharine S. Hayden, U.S.D.J.**

  Before the Court is the motion (D.E. 547) filed by Aker Kvaerner Pharmaceuticals Inc. ("Aker") that seeks reconsideration of this Court's decision (D.E. 545) rejecting the conclusion in Magistrate Judge Cathy Waldor's Report and Recommendation (D.E. 531) that would have granted coverage to Aker. Instead, this Court determined that under a provision of the insurance policy issued by Mid-Continental Casualty Co. ("MCC"), specifically the policy's no-assignment

1

clause, Aker was not an additional insured.[1]  Aker argues the Court "failed to consider dispositive facts and legal authorities."[2]

New Jersey Local Civil Rule 7.1(i) permits a litigant to seek reconsideration of a prior decision.  The commentary to the Rule states:

> There is no express provision in the Federal Rules of Civil Procedure for reconsideration of a judicial decision.  The closest federal rule is Fed. R. Civ. P. 59(e), which allows a court to "alter or amend" a judgment.  In this district, however, L. Civ. R. 7.1(i) creates a specific procedure by which a party may, within 14 days of entry of an order, ask either a District Judge or a Magistrate Judge to take a second look at any decision "upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."

*L. Civ. R.* 7.1, cmt. 6 (citations omitted).

Such a motion is intended to "correct manifest errors of law or fact or to present newly discovered evidence."  *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (internal quotation marks omitted) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  The standard is high; reconsideration is not an opportunity for a party to "relitigate the case."  *OR v. Hunter*, 576 F. App'x 106, 110 (3d Cir. 2014).  A motion for reconsideration is not an alternative to the appellate process, and one that merely raises "a difference of opinion with the court's decision" must be denied.  *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005) (Thompson, J.).

---

[1] The Court also found that Aker did not succeed to the rights of an additional insured under the MCC policy by virtue of a de facto merger or the continuation-of-business doctrine, but it granted Aker's motion to dismiss MCC's subrogation claim. Aker does not seek reconsideration of these decisions.

[2] MCC filed a letter with the Court on October 14, 2015, demanding that the Court strike Aker's reply brief as untimely. (D.E. 550.)  Aker filed its reply on October 13, 2015, eight days after MCC's opposition was due. (D.E. 549.) Normally this would constitute a late filing because L. Civ. R. 7.1(d) requires that a reply be filed no more than seven days after a party's opposition, but the Court was closed on October 12, 2015, for Columbus Day.  This extended the due date for Aker's reply to the following day, and therefore, Aker's reply is timely.

A party demanding reconsideration must establish one of the "following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood*, 176 F.3d at 677. Aker relies on the third ground, taking the position that the Court's decision rested on clear errors of fact. Specifically, Aker maintains that the Court overlooked facts showing that (1) the no-assignment clause does not operate to bar an assignment of the MCC policy's additional insured rights, and (2) even if the clause did act as a bar, "MCC consented to the assignment." According to Aker, the Court also neglected to consider facts showing that MCC acknowledged its rights as an additional insured, estopping it from adopting a contrary position now.

Aker previously argued that the additional insured rights under the MCC policy were expressly assigned to it by the Asset Sale Purchase Agreement when it acquired Kvaerner Process, but in its opinion the Court found that the no-assignment clause in the MCC policy barred such a transfer. Aker's contentions that the no-assignment clause did not bar assignment of additional insured rights and that MCC consented to the assignment go to that very same issue: whether the Asset Sale Purchase Agreement transferred rights of an additional insured. (*See* D.E. 545 at 15-18.) Putting forth additional reasons why Aker believes it is entitled to those rights is not proper because a motion for reconsideration is not a vehicle to reargue the same issues or "to present evidence which should have been raised before."[3] *Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (Lechner, J.); *see also N.V.E., Inc. v. Palmeroni*, 2012 WL 2020242, at *3 n.3 (D.N.J. June 5, 2012) (Salas, J.) (noting that disagreement

---

[3] The Court's specified in its decision that it "reviewed this case as a whole, . . . the papers on the underlying motions before the Court, the responses and objections to the R&R, and supplemental briefs." (D.E. 545 at 2.) The extensive record and multiple briefs filed regarding this issue demonstrates that Aker had ample opportunity to present the arguments it now raises.

3

with court's factual determinations is inappropriate in motion for reconsideration); *Bowers v. N.C.A.A.*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) (Orlofsky, J.) ("[S]uch motions are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers."); *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (Ackerman, J.) (citation and internal quotation marks omitted) ("A motion for reconsideration is improper when it is used to ask the Court to rethink what is [sic] had already thought through—rightly or wrongly.").

Aker's estoppel argument is similarly unavailing, as both the argument and the facts in support were already presented to and considered by the Court. (*See* D.E.s 545 at 7-8, 16-17; 527 at 12-15.). Indeed, Aker explicitly refers the Court to its prior argument and the legal authority it relied on. (D.E. 527 at 13-16.) Both then and now again, Aker argues that MCC MCC expressly agreed that Aker is an additional insured under the MCC policy through (1) its agent that issued a certificate of insurance to Aker, and (2) its counsel in several email and letter communications with Aker. MCC asserts that Aker mischaracterizes letters and emails in an attempt to create additional insured status and relies on the Court's determination that Aker is not an additional assured. (D.E. 548 at 12-13.)

In determining that Aker was not covered as an additional insured, the Court necessarily rejected the estoppel argument. Review of Aker's moving papers and the record confirms that Aker is relitigating the issue of transfer of additional insured rights. Aker's interpretation of the communications is unpersuasive. Not only does each email or letter contain an express reservation of rights, but those communications that reference additional insureds refer to the MCC policy, which lists only Kvaerner Process as an additional insured. (D.E. 520-5 at 12, 14, 22, 24 & 527-6 at 22, 24). The Court already determined that, in the 2004 sale of Kvaerner Process to Aker,

additional insured rights did not transfer to Aker either by virtue of the Asset Sale and Purchase agreement or by operation of law. (D.E. 545 at 14-23.) Accordingly, the Court has already rejected the claim that conceding coverage to Aker's predecessor entity equates to conceding coverage for Aker and declines to revisit the issue. *See Oritani Sav. & Loan Ass'n*, 744 F. Supp. at 1314. Accordingly, Aker has failed to clear the high bar set for reconsideration, and its motion is denied.

Good cause appearing,

**IT IS** on this 17th day of November, 2015, hereby

**ORDERED** that Aker's motion for reconsideration is denied.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.