UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHELBY OWNBEY AND JOYCE OWNBEY,<br><br>*Plaintiffs*,<br><br>v.<br><br>AKER KVAERNER PHARMACEUTICALS INC., JOHN DOE CORPORATIONS 1, 2, AND 3, JOHN DOES AND JANE DOES 1, 2, 3, 4, AND 5, IMCLONE SYSTEMS, INC., MID-CONTINENT CASUALTY COMPANY, EPIC INTERIORS, LLC, ADVANTAGE BUILDINGS & EXTERIORS, INC., ZURICH AMERICAN INSURANCE CO.,<br><br>*Defendants*. | Civil No.: 07-2190 (KSH) (CLW)<br><br><br><br><br><br><br>OPINION |

Before the Court are motions for reconsideration (D.E. 591, 592, and 593) filed by third party defendants Mid-Continent Casualty Company ("MCC") and Zurich American Insurance Company ("Zurich"), disputing this Court's decision (D.E. 589) that their insureds, defendants ImClone Systems, Inc. ("ImClone") and

1

Aker Kvaerner Pharmaceuticals ("Aker"), are entitled to additional-insured coverage under the MCC and Zurich policies. The Court has considered the parties' written submissions, and for the reasons stated below, the motions are denied.

## I.  Factual Background

An accident severely injured plaintiff Shelby Ownbey while he was working on the site of a pharmaceutical manufacturing plant under construction. After his personal injury claims were settled, litigation focused on insurance contracts and indemnity agreements between and among the various defendants: the construction site owner, ImClone; the general contractor, Kvaerner Process, a division of Kvaerner U.S., Inc. ("Kvaerner Process"); two subcontractors, Advantage Building & Exteriors, Inc. ("Advantage") and Epic Interiors, LLC ("Epic"), that performed work on the site; and MCC and Zurich, whose policies were issued in connection with the project. (*Id.* at 1-3.)

These motions evolve from summary judgment motions that the Court decided in its September 2017 written opinion (D.E. 589) that revisited and changed its earlier ruling (D.E. 545) in favor of MCC. The initial paragraphs of the 2017 opinion summarize the who, what, where, and when (and of course, these motions challenge the why).

> Before the Court are motions for summary judgment filed by Zurich American Insurance Company ("Zurich") (D.E. 570), ImClone Systems, Inc. ("ImClone") (D.E. 571), and Aker Kvaerner Pharmaceuticals, Inc. ("Aker") (D.E. 572) regarding the parties' respective rights and obligations under an insurance policy issued by Zurich. The Court and the parties are familiar with the facts and long procedural history of this case, which has been the subject of motion practice that has inched along seeking to establish the rights and exposure of various players in

a worksite accident that significantly injured plaintiff Shelby Ownbey. He was compensated some years ago; what has driven the litigation since are contractual indemnities offered to the property owner, ImClone, and construction manager, Aker, by two subcontractors employing Ownbey and others involved in the construction project that led to the accident, and the purported coverage that ImClone and Aker receive under these subcontractors' general liability policies as additional insureds.

In these motions, ImClone and Aker seek to recover defense costs as additional insureds under a policy issued by Zurich to subcontractor Epic. The Zurich policy and Aker's rights under it present substantially the same issues the Court considered in Aker's effort to recoup defense costs under a policy issued by Mid-Continent Casualty Co. ("MCC") to a different subcontractor, Advantage Building & Exteriors, Inc. ("Advantage"). Specifically, Aker purchased rights and liabilities regarding the construction project from ImClone's previous construction manager, Kvaerner Process, pursuant to an asset purchase agreement. Both MCC and Zurich argue that Kvaerner Process's additional insured rights under their policies did not pass to Aker.

In denying Aker's partial summary judgment as to MCC (D.E. 545) (the "MCC opinion"), the Court offered its own interpretation of the MCC policy and held that coverage for Aker was precluded by anti-assignment language in MCC's primary and umbrella policies. Arguing that its policy with Epic has the same anti-assignment language, Zurich seeks a declaration from the Court that the law of the case doctrine precludes Aker from arguing that it obtained any additional insured rights from Kvaerner Process under the asset purchase agreement. Aker opposes, arguing that the Zurich and MCC policies are distinct enough on the issue of assignment such that the Court's prior ruling does not apply; alternatively, Aker argues that the MCC opinion was wrong, and that the Court should exercise its authority under Fed. R. Civ. P. 54(b) to amend its holding.

For the reasons set forth below, the Court is satisfied that its previous ruling is in fact in error. Therefore, this opinion revisits the issue of coverage for Aker under the MCC policy, as is the Court's authority (and obligation) under Rule 54(b). *See* Fed. R. Civ P. 54(b); *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) ("so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so"). The Court also finds that the Zurich policy

provides additional insured coverage for Ownbey's accident to ImClone and Aker.

(D.E. 589, 1-3.)

## II. Standard

New Jersey Local Civil Rule 7.1(i) permits a litigant to seek reconsideration of a prior decision. Such a motion is intended to "correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard is high; reconsideration is not an opportunity for a party to "re-litigate the case." *OR v. Hunter*, 576 F. App'x 106, 110 (3d Cir. 2014).

A party moving for reconsideration must establish one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood*, 176 F.3d at 677. A motion for reconsideration is not an alternative to the appellate process, and one that merely raises "a difference of opinion with the court's decision" must be denied. *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005) (Thompson, J.).

## III. Discussion

### a. MCC's Motion for Reconsideration (D.E. 591)

MCC contends that the Court's finding in its September 1, 2017 opinion that Aker only sought additional-insured coverage under MCC's primary policy is clearly

4

erroneous and creates manifest injustice. (D.E. 591-2, MCC's Motion for Recon., 8.) Because Aker also sought coverage under the umbrella policy, the Court erred, according to the argument, in failing to analyze that policy's impact on whether Aker is an additional-insured. MCC also argues the decision is wrong because Ownbey's accident did not arise out of Advantage's performance of on-going operations for Aker. (*Id.* at 18.)

But the Court explicitly rejected MCC's position that Aker sought coverage under both the primary and the umbrella policy, finding that "because Aker was *only* seeking coverage under MCC's *primary* policy, the Court erred in considering anti-assignment language in the MCC umbrella policy." (D.E. 589, 2017 Opinion, 9 (emphasis added).) The primary policy clearly and unambiguously barred assignment by a *named-insured*, but it allowed assignment by an additional-insured. (*Id.* at 10.) The Court found as well that "Advantage's 'ongoing operations' on the day of the accident were being performed for Aker as well as for ImClone," because "Advantage owed ongoing obligations to Aker with respect to the project." (*Id.* at 12.) Both issues MCC raises in its motion for reconsideration now were squarely analyzed and addressed by the Court. While MCC disagrees, it fails to point to any intervening change in law or new evidence to warrant reconsideration and a different result. Accordingly, the motion is denied.

5

### b. Zurich's Motion for Reconsideration (D.E. 592)

Zurich argues that Aker should not be considered an additional-insured on its policy with Epic because the underlying accident did not arise out of Epic's work under its contract with ImClone. (D.E. 592-2, Zurich's Motion for Recon., 6.) The contract, Zurich urges, covered only interior carpentry and sheet-rocking, but the accident occurred when Ownbey fell from a scaffold on the exterior of the building. (*Id.* at 7.)

ImClone's opposition argues that the Court already addressed these issues and "Zurich has failed to set forth **any** new facts or argument to warrant reconsideration." (D.E. 595, 4; emphasis in the original.) The Court agrees, with the observation that both movants are making the same arguments they have made before, arguments that have been sufficiently dealt with on the trial level. Any insurers' remedies lie with an appellate court.[1]

## IV.   Conclusion

MCC and Zurich have not established "the need to correct a clear error of law or fact or to prevent manifest injustice." *Estate of Jennings v. Delta Air Lines, Inc.*, No. 15-962, 2017 WL 401945, at *2 (D.N.J. Jan. 30, 2017) (Simandle, J.). Their motions for reconsideration are denied, and an appropriate order will be entered. The parties are directed to confer with Magistrate Judge Cathy Waldor to schedule

---

[1] Zurich's application (D.E. 593) to join MCC's motion was untimely filed; notwithstanding, it merits denial for the same reasons.

the prompt resolution of coverage issues consistent with the summary judgment rulings in D.E. 589.

                                                      s/ Katharine S. Hayden_____
                                                      Katharine S. Hayden, U.S.D.J.

July 9, 2018