UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHELBY OWNBEY and JOYCE OWNBEY, <br><br> *Plaintiffs*, <br><br> v. <br><br> AKER KVAERNER PHARMACEUTICALS, INC.; R&R SCAFFOLDING, LTD.; IMCLONE SYSTEMS, INC.; SAFE WORKS, LLC d/b/a POWER CLIMBER, JOHN DOE CORPORATIONS 1, 2, and 3; and JOHN and JANE DOES, 1, 2, 3, 4, and 5, <br><br> *Defendants.* <br><br> and <br><br> IMCLONE SYSTEMS, INC., <br><br> *Third-Party Plaintiff*, <br><br> v. <br><br> ADVANTAGE BUILDINGS & EXTERIORS, INC.; MID-CONTINENT CASUALTY CO.; LIBERTY MUTUAL INSURANCE CO.; and ZURICH AMERICAN INSURANCE CO., <br><br> *Third-Party Defendants*, <br><br> and | Civil No.: 07-cv-02190 (KSH) (CLW) <br><br><br> **OPINION** |

1

| | |
|---|---|
| AKER KVAERNER PHARMACEUTICALS, INC., | |
| *Third-Party Plaintiff*, | |
| v. | |
| ADVANTAGE BUILDINGS & EXTERIORS, INC.; MID-CONTINENT CASUALTY CO.; ZURICH AMERICAN INSURANCE CO.; and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, | |
| *Third-Party Defendants*, | |
| and | |
| R&R SCAFFOLDING, LTD., | |
| *Third-Party Plaintiff*, | |
| v. | |
| ADVANTAGE BUILDINGS & EXTERIOR, INC., | |
| *Third-Party Defendant*. | |

**KATHARINE S. HAYDEN, U.S.D.J.**

Before the Court are four motions, three of which relate to the continued coverage dispute between Mid-Continent Casualty Company ("MCC") and Aker Kvaerner Pharmaceuticals, Inc. ("Aker"), which was successful in its pursuit of coverage as an additional insured under a policy MCC issued to a third party,

Advantage Buildings and Exterior, Inc. ("Advantage"). The fourth motion is brought by Zurich American Insurance Company ("Zurich"), to compel a jury trial for purposes of allocating any exposure its insured, Epic Interiors, LLC ("Epic") might share with Advantage, and even Aker, arising out of contractual indemnification provisions in their contracts with Aker. The Court writes for the parties who are thoroughly familiar with the ins-and-outs of this hotly disputed litigation in which the plaintiff, who sued for serious injuries when he fell from scaffolding on an industrial site under construction, received an undisclosed settlement ten years ago that resolved his liability claims against the entity defendants, including Advantage, Epic, and Aker.

The coverage issues have persisted and the motions appear on the docket as follows: D.E. 635, Zurich's motion to compel a jury trial to allocate liability as between and among Aker, Advantage, and Epic; D.E. 636, MCC's motion for summary judgment to dismiss Aker's third-party complaint and fee claims, which is procedurally defective as a motion inasmuch as it only reflects MCC's moving brief; D.E. 638, MCC's corrected motion for summary judgment to dismiss Aker's third-party complaint and fee claims, or in the alternative, to allocate such fee claims; and D.E. 637, Aker's motion for attorneys' fees.

MCC's moving brief at D.E. 636 was improperly docketed as a motion and is duplicative of the corrected motion docketed at D.E. 638; accordingly, it will be terminated.

3

The remaining motions fall into two categories – threshold and core. The threshold motions are brought by the insurers (D.E. 635, 638), and seek to delay and/or eliminate consideration of Aker's fee application (D.E. 637) – which is the core issue. Two previous definitive rulings in the course of this litigation render the insurers' threshold arguments unpersuasive, and tee up the real issue, which is not *whether* Aker gets reimbursement, but *what* reimbursement it gets.

The rulings that stand in the way of Zurich and MCC's motion practice here are reflected in D.E. 340 and D.E. 589. The former sets forth the Court's decision on the record at oral argument on July 7, 2010, that Aker's motion for coverage under Zurich's general liability insurance contract with Epic was granted, and that Epic's motion to dismiss Aker's cross-claims for contractual indemnification was denied.

Therefore, Zurich's arguments in D.E. 635, joined by MCC in D.E. 638, that a jury trial must be held to allocate fault among Aker, Advantage, and Epic despite the settlement paid long ago to plaintiff, are rejected. As Aker convincingly argues (and brought to the Court's attention long ago in its winning brief (D.E. 206-1 at 10)), the triable factual issue relating to coverage under the contractual indemnification provision would have been whether Aker was solely responsible for plaintiff's injuries. This was waived when Zurich settled with plaintiff, which occurred after Zurich lost its summary judgment motion that sought to dismiss Aker's cross-claims for indemnification. Even absent this compelling fact, Aker properly points out that allocation of fault between Epic and Advantage is irrelevant to the theory behind its

4

present application for fees, because the basis is the provision in Aker's contracts with Epic and Advantage that provides for reimbursement of attorney's fees to enforce Epic and Advantage's indemnification obligations.[1]

Therefore, to the extent that MCC and Zurich seek a jury trial in connection with allocation of fault as among their insureds and Aker for purposes of deciding what legal fees are owed to Aker under contractual indemnification, their motions are denied.

The second definitive ruling defeating the insurers' motions is in the Court's written opinion (D.E. 589) determining that Aker is an additional insured under MCC's policy insuring Advantage, a decision rendered over MCC's strenuous objection.[2] For the first time, and to Aker's considerable annoyance (*see* Aker's brief in opposition to MCC's motion to dismiss Aker's third-party complaint, D.E. 646), MCC seeks to wipe out any obligation on Aker's fee claim on the theory that MCC

---

[1] *See, e.g.*, Article 16.1 in the Epic Contract, which states: "Contractor [Epic] agrees to release, indemnify, hold harmless and defend Kvaerner Process and Owner [ImClone], the affiliated companies of each, and all of their directors, officers, employees, agents and representatives, from and against any claim, expense, or liability, cost and expenses (including court costs and attorney fees) on account of injury or death of persons (including the employees of Kvaerner Process, Owner, contractor and contractor's lower tier subcontractors and suppliers and any other contractors or subcontractors) or damage to or loss of property (including the property of Kvaerner Process or Owner) or delay **(including all attorney's fees to enforce Contractor's indemnification obligations)** arising out of this Contract, irrespective of any fault or negligence of Kvaerner Process and/or Owner, their affiliated companies, their respective officers, agents or employees excepting where the sole cause of such injury or death of persons or damage to or loss of property is the negligence of Kvaerner Process or Owner." (D.E. 206-1 at 4 (emphasis added).)
[2] Even now MCC devotes pages of its moving brief explaining why that ruling is wrong and that it does not owe Aker coverage as an additional insured.

5

"stepped up" and paid on an "insured contract" theory in the policy issued to Advantage.

The Court sympathizes with Aker. In its reply brief on its motion, MCC notes, breezily, that it "had already agreed to provide coverage benefitting AKP [Aker] (including AKP's negligence and to pay their legal defense fees) by acknowledging coverage for the Advantage contractual indemnity obligation owed AKP. With that concession in hand, what more could AKP achieve by pursuing a coverage determination?" (D.E. 655 at 7.) The question is cringe-worthy in the face of the Court's definitive ruling that Aker is an additional insured and despite Aker's having steadily secured favorable rulings on its coverage claims. The Court further agrees with Aker that MCC's arguments in support of summary judgment denying Aker's fee claims amount to an improper "re-reargument" of the decision in D.E. 589, and they are not worthy of exploration beyond that observation.

Therefore, MCC's corrected motion (D.E. 638) that seeks dismissal of Aker's third-party complaint and fee claims is denied.

This brings the Court to the core motion, Aker's motion for an award of attorney fees (D.E. 637). As Aker observes in its introductory paragraph to the moving brief:

> After over a decade of litigation, Aker has prevailed on all of its insurance coverage and contractual indemnity claims against MCC, Zurich, Advantage and Epic and is therefore entitled to recover its coverage counsel legal costs for two reasons. First, Aker is entitled to recover legal costs incurred

6

> prosecuting its claims for additional insured coverage against MCC and Zurich because, under this Court's opinion and Order dated September 1, 2017 [DE 589 & 590] . . . , Aker is a "successful claimant" in an insurance coverage dispute under New Jersey Court Rule 4:42-9(a)(6).  <u>Second</u>, Aker is entitled to recover legal costs incurred prosecuting its claims for contractual indemnification against Advantage and Epic because their contracts include attorneys' fee provisions that obligate them to reimburse Aker for all legal costs Aker incurred to enforce their respective contractual indemnity obligations.

(D.E. 637-1 at 1.)

To be clear: Aker won summary judgment in its favor that it is an additional insured under MCC's policy to Advantage by opinion of this Court (D.E. 589).  By the same decision, Aker won summary judgment in its favor that it is an additional insured under Zurich's policy insuring Epic.  After oral argument, Aker won its motion seeking summary judgment (D.E. 206) on Epic's contractual obligation to indemnify Aker as set forth in the Order on Motion Practice Related to Contractual Indemnification (D.E. 340) filed July 8, 2010.  MCC recognized its insured, Advantage's obligation to Aker under contractual indemnification in settling plaintiff's claims in 2011.  (As noted above, MCC characterizes its capitulation on that issue as justification for denying Aker's fee claim as a "successful applicant.")

Plainly, Aker prevailed, and it is entitled to an award of legal fees and expenses; in that respect, its motion (D.E. 637) is granted.  Remaining for determination are the amounts to which it is entitled (1) from the insurers, MCC and Zurich, under Rule 4:42-9(a)(6), and (2) from Advantage and Epic under the attorney's fee provisions

contained in their contracts with Aker. Under Rule 53, the Court may appoint a special master under certain conditions, after giving the parties "notice and an opportunity to be heard." Fed. R. Civ. P. 53(b)(1). Based on the complex issues and history underlying resolution of the fee dispute, the Court intends to appoint a special master to aid in efficiently and effectively resolving the foregoing issues in a timely manner, and is considering appointing the Hon. Jose L. Linares, U.S.D.J. (ret.), former Chief Judge of the District of New Jersey. Accordingly, no later than **July 9, 2021,** the parties shall file position papers of no more than 4 pages with respect to the appointment of a special master, the matters set forth in Rule 53(b)(2), any stipulations under Rule 53(f)(3), and any other issues a party wishes the Court to address in considering and/or issuing its appointment order.

    An appropriate order will issue.

Date: June 30, 2021

/s/ Katharine S. Hayden  
Katharine S. Hayden, U.S.D.J.